[Cite as *First Internet Bank of Indiana v. Equine Transp. Acceptance Co.*, 2011-Ohio-5804.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FIRST INTERNET BANK<br>OF INDIANA, | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee, | Hon. Patricia A. Delaney, J. |
| v. | Case No. 2011CA00094 |
| EQUINE TRANSPORTATION<br>ACCEPTANCE COMPANY ET AL., | O P I N I O N |
| and | |
| JONATHAN MAAS, | |
| Defendant-Appellant. | |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                                          Common Pleas, Case No. 2010CV00003


JUDGMENT:                                        Affirmed


DATE OF JUDGMENT ENTRY:          November 7, 2011


APPEARANCES:


For Plaintiff-Appellee                          For Defendant-Appellant


ROSEMARY TAFT MILBY                    R. SCOT HARVEY
MATTHEW G. BURG                          Fisher & Phillips LLP
Lakeside Place, Suite 200                  9150 South Hills Blvd., Suite 300
323 West Lakeside Avenue                Cleveland, Ohio 44147-3506
Cleveland, Ohio 44113

*Hoffman, P.J.*

{¶ 1} Defendant-appellant Jonathan Maas appeals the March 25, 2011 Judgment Entry entered by the Stark County Court of Common Pleas denying his Civil Rule 60(B) motion for relief from judgment from a prior judgment entered in favor of Plaintiff-appellee First Internet Bank of Indiana.

STATEMENT OF THE CASE

{¶ 2} On January 4, 2010, Appellee initiated the within action against Equine Transportation Acceptance Company, LLC, an Ohio Limited Liability Company, of which Appellant was the sole and managing member; Cross Country Capital, LLC; and Appellant individually. The complaint included a claim of fraud against Appellant.

{¶ 3} Appellant filed an answer to the complaint on April 7, 2010, denying the allegations in the complaint, and asserting the complaint failed to state a claim upon which relief could be granted and further asserting the complaint failed to plead fraud with particularity as required by Ohio Civil Rule 9(B).

{¶ 4} The trial court scheduled the case for trial on April 22, 2010. The parties filed a joint motion for continuance on April 21, 2010. The trial court denied the motion. However, via Judgment Entry of April 23, 2010, the trial court rescheduled the trial for May 21, 2010.

{¶ 5} According to the trial court's docket, a "Statement of Record" was filed with the Court on May 20, 2010.

{¶ 6} On May 25, 2010, the trial court issued a Judgment Entry finding Appellant personally liable to Appellee on the fraud claim, thereby rendering judgment against

Appellant in favor of Appellee in the amount of $210,673.10 plus attorney fees in the amount of $40,000.

{¶ 7} On August 19, 2010, Appellant filed for Chapter 7 Bankruptcy protection.

{¶ 8} On February 25, 2011, Appellant filed a motion for relief from judgment pursuant to Ohio Civil Rule 60(B).

{¶ 9} Via Judgment Entry of March 25, 2011, the trial court denied Appellant's motion for relief from judgment.

{¶ 10} Appellant now appeals, assigning as error:

{¶ 11} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION OF DEFENDANT-APPELLANT JONATHAN MAAS FOR RELIEF FROM THE TRIAL COURT'S JUDGMENT ENTRY ISSUED ON MAY 25, 2010."

{¶ 12} Civ.R. 60 *Relief from Judgment or Order,* provides

{¶ 13} " * * *

{¶ 14} "(B) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.*

{¶ 15} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 16} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

{¶ 17} To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

{¶ 18} Where timely relief is sought from a default judgment, and the movant has a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. *GTE Automatic, supra.* at paragraph three of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12–CA–86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.* at 5.

{¶ 19} Our standard of review of a court's decision as to whether to grant a Civ.R. 60(B) motion is abuse of discretion. *GTE* at 148, 351 N.E.2d 113.

{¶ 20} Civil Rule 60(B) relief is not a substitute for a direct appeal, and where an issue is capable of being raised on direct appeal a 60(B) motion cannot be used a substitute for an appeal and does not toll the time for filing the appeal. *Key v. Mitchell* 81 Ohio St.3d 89, 1998-Ohio-643; *Bobardier Captial, Inc. v. W.W. Cycles, Inc.* 155 Ohio App.3d 484, 2003-Ohio-6716; See, *Vasko v. Vasko,* 2005-Ohio-3188.

{¶ 21} Appellant's Civil Rule 60(B) motion asserts the complaint herein failed to present the essential elements of a fraud claim, and his actions were not the result of fraud. Appellant's arguments are barred by the doctrine of res judicata as they were capable of being raised on direct appeal, and Appellant cannot now substitute his Civil Rule 60(B) motion for a direct appeal.

{¶ 22} Appellant additionally claims he does "not recall" receiving notice of the rescheduled trial date. However, the trial court docket indicates on April 23, 2010, via Judgment Entry, the trial court issued an order rescheduling the date for trial; Appellant was notified by both certified mail, which went unclaimed, and by ordinary mail. The address to which the notice was sent was the same address as that listed in the original complaint. We find the trial court did not abuse its discretion in finding Appellant has not demonstrated excusable neglect, particularly when Appellant does not affirmatively aver he did not receive notice.

{¶ 23} Appellant did not file the Rule 60(B) motion for nine months after final judgment, as he assumed the judgment would be discharged in his bankruptcy filing, and upon learning otherwise, he filed the motion. Appellant asserts ignorance of the law and excusable neglect as grounds for the 60(B) motion; however, the record does not support such a finding.

{¶ 24} For the reasons set forth above, we find the trial court did not abuse its discretion in denying Appellant's Civil Rule 60(B) motion for relief from judgment. The March 25, 2011 Judgment Entry of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Delaney, J. concur

/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FIRST INTERNET BANK<br>OF INDIANA, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| EQUINE TRANSPORTATION | : | |
| ACCEPTANCE COMPANY ET AL., | : | |
| | : | |
| and | : | |
| | : | |
| JONATHAN MAAS, | : | |
| | : | |
| Defendant-Appellant. | : | Case No. 2011CA00094 |

For the reasons stated in our accompanying Opinion, the March 25, 2011 Judgment Entry entered by the Stark County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ John W. Wise
HON. JOHN W. WISE


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY