[Cite as *Wells Fargo Bank, N.A. v. Brandle*, 2012-Ohio-3492.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

WELLS FARGO BANK, N.A, :

    Plaintiff-Appellee : C.A. CASE NO. 2012CA0002

vs. : T.C. CASE NO. 10CV336

TIMOTHY BRANDLE, et al. : (Civil Appeal from
                                    Common Pleas Court)

    Defendants-Appellants :

. . . . . . . . .

**O P I N I O N**

Rendered on the 3rd day of August, 2012.

. . . . . . . . .

Scott A. King, Atty. Reg. No. 0037582; Terry W. Posey, Jr., Atty. Reg. No. 0078292, Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, OH 45342
    Attorneys for Plaintiff-Appellee

Marc E. Dann, Atty. Reg. No. 0039425; Grace Doberdruk, Atty. Reg. No. 0085547, 20521 Chagrin Blvd., Suite D, Shaker Heights, OH 44122
    Attorneys for Defendants-Appellants

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendants Timothy and Lisa Brandle appeal from an order denying their Civ.R. 60(B)(3) motion to vacate a final judgment of foreclosure.

{¶ 2} On October 22, 2010, Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") commenced an action in foreclosure against the Brandles. The lender and mortgagee

identified in the note and the mortgage attached to the complaint was Washington Mutual Bank, FA. Also attached to Wells Fargo's complaint was a copy of a purported assignment of mortgage from Washington Mutual Bank to Wells Fargo.

{¶ 3} The Brandles failed to file a timely responsive pleading, and on September 6, 2011, Wells Fargo filed a motion for default judgment. The Brandles did not respond to the motion for default judgment. The trial court set an October 3, 2011 hearing on the motion for default judgment. The trial court stated, in part, "If Defendants fail to appear for the hearing, the Court expects to grant the motion." (Dkt. 23.)

{¶ 4} On October 25, 2011, the trial court granted Wells Fargo's motion for default judgment and entered a judgment and decree in foreclosure in favor of Wells Fargo. The trial court noted that the Brandles did not appear for the default judgment hearing. The Brandles did not file a notice of appeal from the October 25, 2011 judgment.

{¶ 5} Approximately seven weeks later, on December 19, 2011, the Brandles filed a Civ.R. 60(B)(3) motion to vacate the judgment and decree of foreclosure. The Brandles argued that they had a meritorious defense to foreclosure and were entitled to relief from judgment because Wells Fargo does not own their note and mortgage. According to the Brandles, Wells Fargo was therefore not the real party in interest and lacked standing, rendering the judgment in foreclosure void. The Brandles also argued that the alleged defect was a fraud on the court. Civ.R. 60(B)(3).

{¶ 6} On December 29, 2011, the trial court denied the Brandles' Civ.R. 60(B) motion. The trial court found that Wells Fargo was entitled to bring the foreclosure action, the Brandles waived the real party in interest defense by failing to timely assert it, and the

Brandles failed to file their Civ.R. 60(B) motion within a reasonable time.

{¶ 7} The Brandles filed a notice of appeal, raising the following two assignments of error.

{¶ 8} First Assignment of Error:

{¶ 9} "IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY APPELLANTS' 60(B) MOTION TO VACATE WITHOUT HOLDING A HEARING."

{¶ 10} The standard of review of a trial court's decision on a Civ. R. 60(B) motion is the abuse of discretion standard. *Aurora Loan Services, LLC v. Wilcox*, 2d Dist. Miami No. 2009 CA 9, 2009-Ohio-4577, at ¶16, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). In *AAAA Enterprises, Inc v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), the Supreme Court held:

> "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
>
> A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be

persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

{¶ 11} In *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976)(citations omitted), the Supreme Court held:

> To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 12} The Brandles rely on Civ.R. 60(B)(3), which authorizes a court to vacate its prior final judgment or order for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party."

{¶ 13} The fraud or misconduct contemplated by Civ.R. 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case. *State Alarm, Inc. V. Riley Industrial Services, et al*, 8th Dist. Cuyahoga No. 92760, 2010-Ohio-900, ¶ 21; *First Merit Bank, N.A. v. Crouse*, 9th Dist. Lorain No. 06CA008946, 2007-Ohio-2440, ¶ 32; *LaSalle National Bank v. Mesas*, 9th Dist. Lorain No. 02CA008028, 2002-Ohio-6117, ¶ 15.

{¶ 14} The Brandles' claim that Wells Fargo committed a fraud or engaged in

misconduct when it commenced its foreclosure action against them because Wells Fargo did not own their note and mortgage is a matter that could have been presented as a claim or defense by the Brandles in the foreclosure action Wells Fargo commenced. There is no basis to find that Wells Fargo's alleged fraud or misrepresentation that it owned the note or mortgage in any way prevented the Brandles from fully and fairly presenting that defense in a pleading responsive to Wells Fargo's complaint. Instead of presenting that defense, the Brandles failed to plead or appear in the action, and they offer no reason for their failure to do that. The Brandles may not now rely on their failure to appear as a basis to convert a defensive claim they didn't plead to a claim of fraud or misconduct on which to vacate the judgment that was granted Wells Fargo pursuant to Civ.R. 60(B)(3).

{¶ 15} The first assignment of error is overruled.

{¶ 16} Second Assignment of Error:

{¶ 17} "APPELLANTS DID NOT WAIVE THEIR LACK OF STANDING DEFENSE BECAUSE STANDING IS JURISDICTIONAL AND CAN NEVER BE WAIVED."

{¶ 18} The Brandles argue that because Wells Fargo didn't own their note or mortgage, Wells Fargo lacked standing to commence its foreclosure action against them, depriving the court of jurisdiction to adjudicate Wells Fargo's claim for relief against the Brandles in that action. A lack of jurisdiction may be a basis for relief pursuant to Civ.R. 60(B)(5).

{¶ 19} In *J.P. Morgan Chase Bank Tr. v. Murphy*, 2d Dist. Montgomery No. 23927, 2010-Ohio-5285, we wrote:

{¶ 19} "It is well understood * * * that the lack of subject matter jurisdiction may be raised anytime." *Hunt v. Hunt* (Oct. 28, 1994), Greene App. No. 93–CA–92. While Murphy asserted that their motion to dismiss was a "jurisdictional motion," we have previously held, "[b]ecause '[t]he issue of lack of standing "challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court," * * * the issue of standing or the "real-party-in-interest" defense is waived if not timely asserted.'" *Countrywide Home Loans v. Swayne,* Greene App. No.2009 CA 65, 2010–Ohio–3903, ¶ 29. In other words, "standing is not an issue of subject matter jurisdiction." *Portfolio Recovery Assoc., L.L. C. v. Thacker,* Clark App. No.2008 CA 119, 2009–Ohio–4406, ¶ 14. As noted above, Murphy did not timely challenge the standing of JPMorgan Chase to prosecute the foreclosure action, and Murphy accordingly waived this argument.

{¶ 20} That same logic applies in the present case. By not availing themselves of the opportunity to appear in the action to present their standing claim as a defense, the Brandles waived their right to rely on a lack of standing as grounds for Civ.R. 60(B) relief. Further, a lack of standing does not deprive a court of subject matter jurisdiction.

{¶ 21} The second assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And CUNNINGHAM, J., concur.

(Hon. Penelope R. Cunningham, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Scott A. King, Esq.
Terry W. Posey, Jr., Esq.
Marc E. Dann, Esq.
Grace Doberdruk, Esq.
Hon. Roger B. Wilson