[Cite as *Chemical Bank, N.A. v. Krawczyk*, 2013-Ohio-3614.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98263

---

# CHEMICAL BANK, N.A.

PLAINTIFF-APPELLEE

vs.

# FRANK A. KRAWCZYK, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-700783

**BEFORE:** Stewart, A.J., Boyle, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 22, 2013

**ATTORNEYS FOR APPELLANT**

Daniel L. McGookey
Lauren McGookey
Kathryn M. Eyster
McGookey Law Offices, L.L.C.
225 Meigs Street
Sandusky, OH    44870


**ATTORNEYS FOR APPELLEE CHEMICAL BANK, N.A.**

Chris E. Manolis
Phillip C. Barragate
Ashlyn Heider
Shapiro, Van Ess, Phillips & Barragate, L.L.P.
4805 Montgomery Road, Suite 320
Norwood, OH    45212


**FOR APPELLEE CITIBANK, N.A.**

Citibank, N.A.
111 Wall Street, 5th Floor
Zone 2
New York, NY    10043

**ATTORNEYS FOR APPELLEE UNITED STATES OF AMERICA**

Steven M. Dettelbach
United States Attorney
Northern District of Ohio

BY: Kent W. Penhallurick
Assistant United States Attorney
U.S. Courthouse, Suite 400
801 West Superior Avenue
Cleveland, OH    44113

**ATTORNEYS FOR APPELLEE STATE OF OHIO, DEPARTMENT OF TAXATION**

Mike DeWine
Ohio Attorney General

BY: Nicole R. Randall
Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, OH   43215

MELODY J. STEWART, A.J.:

{¶1} Frank Krawczyk appeals from the denial of his motion to vacate a decree of foreclosure entered in favor of Chemical Bank.   We affirm the decision of the trial court.

{¶2} On December 14, 1999, Frank Krawczyk purchased a home in North Royalton, Ohio, and entered into a mortgage agreement with Republic Bank, secured by mortgages on a parcel located on West 130th Street in North Royalton, and a parcel located on Bunts Road in Lakewood.   Krawczyk also signed an adjustable rate note in the amount of $202,500 payable to the order of Republic Bank.   In April 2007, Chemical Bank bought Republic Bank.

{¶3} On August 5, 2009, Chemical Bank filed a complaint in foreclosure, alleging that it was the owner and holder of the promissory note following the July 29, 2009 assignment and transfer of the note from Republic Bank, that Krawczyk was in default of his payment obligations under the note, and that the entire principal of $180,444.90 plus interest was due.   A copy of the July 29, 2009 assignment, which transferred both the mortgage and the promissory note to Chemical Bank, was appended as an exhibit to Chemical Bank's complaint.   A copy of the Republic Bank note, with no endorsement, and a copy of the mortgage agreement were also appended to the complaint.

{¶4} On December 10, 2009, Chemical Bank filed a motion for summary judgment in which it presented evidence that Krawczyk was in default of paying the loan and that the entire principal was therefore due.   Chemical Bank attached copies of the unendorsed

note and the July 29, 2009 assignment of the note that was filed with the county prior to the filing of the complaint. Chemical Bank also submitted an affidavit from an officer of its mortgage servicing agent, PHH Mortgage Corporation.

{¶5} On February 25, 2010, the foreclosure magistrate determined that Chemical Bank's motion for summary judgment was properly supported and recommended that the court grant the motion. The trial court adopted this decision on March 25, 2010.

{¶6} On May 25, 2010, Krawczyk filed a motion for relief from judgment under Civ.R. 60(B)(5), arguing that Chemical Bank lacked standing because the Republic Bank note was not endorsed, Chemical Bank did not establish that it is the holder of the note and mortgage, and did not establish that it is entitled to enforce the note. Chemical Bank opposed the motion, and the trial court scheduled a hearing for May 4, 2011.[1] At the hearing, Krawczyk argued, in relevant part, that the evidence filed by Chemical Bank was insufficient to establish its standing to file the foreclosure action, and therefore, it was not entitled to summary judgment.

{¶7} On January 4, 2012, the magistrate issued a decision denying the motion for relief from judgment. The magistrate noted:

> In this case, the record contains an assignment instrument that was dated and filed to the public record prior to the filing date of the complaint. The terms of the assignment purport to transfer both the note and the mortgage to plaintiff. These are the same facts that were presented in [*Deutsche Bank Natl. Trust Co. v.*] *Gardner* [8th Dist. Cuyahoga No. 92916, 2010-Ohio-663]. Further, as in the *Gardner* case, there is other evidence in the record to support this court's judgment, notably the affidavit submitted

---

[1] A bankruptcy stay was issued from June 23, 2010, to October 4, 2010.

with plaintiff's summary judgment motion, which states that plaintiff held the note and mortgage.

{¶8} Krawczyk now appeals and assigns as error for our review: The trial court erred in denying Mr. Krawczyk's motion for relief from judgment.

{¶9} Krawczyk insists that he is entitled to relief from judgment under Civ.R. 60(B)(5) because Chemical Bank is not the owner of the promissory note and mortgage, is not the holder of the promissory note and mortgage, is not entitled to act on behalf of the owner, and is not the real party in interest. However, Krawczyk's appeal fails for the reasons that follow.

{¶10} First, it is clear that Krawczyk is attempting to use a motion for relief from judgment as a substitute for a timely appeal. Furthermore, the trial court was presented with sufficient evidence to demonstrate that Chemical Bank is the real party in interest with standing to foreclose.

{¶11} More background on the procedural history of the case helps to highlight the first point. When Chemical Bank filed its complaint against Krawczyk, the bank sued him in his personal capacity and in the capacity of managing trustee of a trust estate. The complaint also named as defendants the state of Ohio Department of Taxation, the United States of America, and Citibank N.A., Trustee. The docket indicates that all defendants were successfully served approximately two weeks later; that the state of Ohio and the United States timely filed answers to the complaint; and that Citibank N.A. and Krawczyk, in either capacity, did not file answers.

**{¶12}** On December 1, 2009, Chemical Bank moved for default judgment on all nonanswering parties: Citibank N.A. and Krawczyk in both capacities. Krawczyk, in his individual capacity filed two separate pleadings on December 7, 2009: a motion to dismiss, and an objection to Chemical Bank's motion for default judgment. The motion to dismiss challenged, among other things, Chemical Bank's standing as the real party in interest in addition to its status as the holder of Krawczyk's promissory note. Krawczyk's objection to the motion for default argued that he submitted a payment that was refused and again challenged Chemical Bank's status as a holder of the note. Krawczyk also stated that he filed an answer to the complaint on September 14, 2009, and that a copy was given to the trial judge.[2] When Chemical Bank moved for summary judgment against Krawczyk on December 10, 2009, the motion was unopposed.

**{¶13}** When the court scheduled a hearing on the motion for default judgment, it held in abeyance the other motions pending before it. After the hearing, the magistrate issued three separate decisions on February 25, 2010. The first decision denied Krawczyk's motion to dismiss, the second granted the bank's motion for summary judgment, and the third granted default against the nonanswering parties (Citibank N.A.

---

[2]As previously noted, the docket does not indicate that an answer was filed on Krawczyk's behalf. The sole docket entry for September 14, 2009, indicates that a support affidavit of someone named Denny Ray Hardin was filed on that date and also a copy was sent to the trial judge in late August 2009. The document has as its subject "Fraud of Claims" and lists Frank A. Krawczyk as the principal of an account with PHH Mortgage Corporation. The document is otherwise incomprehensible relative to this case. However, the transcript of the May 4, 2011 hearing before the magistrate on the motion for relief indicates that the trial court treated Krawczyk's objection to the motion for default judgment as an untimely filed answer and apparently accepted it.

and Krawczyk in his capacity as estate trustee).  The default did not include Krawczyk individually because the magistrate specifically stated, "DEFAULT HEARING HELD. * * * DEFENDANTS FRANK A. KRAWCZYK, U.S.A., AND STATE OF OHIO DEPT. OF TAXATION FILED ANSWERS.  REMAINING DEFENDANTS FAILED TO FILE A RESPONSIVE PLEADING OR APPEAR FOR HEARING."

{¶14} On March 1, 2010, Krawczyk moved the court to set aside the default judgment.  This motion was denied on March 4, 2010, because default judgment was not entered against Krawczyk.  The court adopted the magistrate's decisions by separate order on March 25, 2010, and included Civ.R. 54(B) language that there was "no just cause for delay."

{¶15} Krawczyk did not appeal the trial court's March 25 order.  Instead, on April 12, 2010, he filed an untimely objection to the magistrate's decision on the bank's motion for summary judgment.  The bank filed a reply to Krawczyk's objection, however, the court never addressed the matter because a final order had been entered.

{¶16} On May 25, 2010, a notice of appearance of counsel was filed on behalf of Krawczyk in both of his capacities, along with the motion that is the subject of this appeal.  As previously noted, the motion challenged the evidence presented by the bank that demonstrated it was entitled to bring this action against Krawczyk and thus challenged the trial court's jurisdiction to decide the matter.  These challenges, however, needed to be made by appealing the trial court's March 25, 2010 decision.  That decision was a final, appealable order.  Having missed the deadline for filing a direct appeal,

Krawczyk is attempting to bootstrap the issues raised below via the motion for relief from judgment.

{¶17} It is well-established that Civ.R. 60(B) cannot be used as a substitute for an appeal. *See Doe v. Trumbull Cty. Children & Family Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. Once the trial court rendered summary judgment in favor of Chemical Bank, Krawczyk's recourse was to challenge the trial court's judgment by way of appeal. On this basis alone, the court properly refused to grant relief from judgment. And at the May 4, 2011 hearing on the motion, the magistrate alluded to the same, stating that:

> [F]inal judgment was entered on March 25, 2010, by the Court which adopted the magistrate's decision. That adoption order is a final order.
>
> Then we have — the next thing we have of significance on the docket is on April 12, 2010, defendant, Frank Krawczyk, filed an objection to the magistrate's decision to grant summary judgment; and nothing was done with that because a final order had already been put on on February — on March 25, 2010, a couple weeks earlier. So an objection to the magistrate's decision at that point would be meaningless because the Court had already entered a final judgment and *defendant's relief from a final judgment is to timely file and appeal*. That's the primary form of relief anyway.

(Emphasis added.)

{¶18} In spite of the fact that Krawczyk missed the opportunity to appeal the trial court's March 25, 2010 final order, he nonetheless argues that Chemical Bank lacked standing to foreclose against him because the bank did not own the note and the mortgage and was therefore not the real party in interest. This argument was raised and decided below.

**{¶19}** The issue of standing that Krawczyk argues is an affirmative defense issue. It does not deprive the court of jurisdiction over the case such that the issue could be raised at anytime. There is no assertion that Krawczyk ever waived the issue of standing, but that he fully and fairly litigated the matter during the proceedings in the foreclosure action.

**{¶20}** Krawczyk first raised the issue of standing in his motion to dismiss and raised it again in his objection to the bank's motion for default judgment. In the motion to dismiss, Krawczyk states in pertinent part:

> FIRST:
> The summons does not identify the real party in interest according to Ohio Rules of Civil Procedure rule [sic] 17a.
>
> SECOND:
> The Assignment of the Note and Mortgage is a fraud as it has not been registered with the Cuyahoga County Recorders [sic] office and thus fails as evidence for the complaint. The failure of the assignment leads to a lack of standing in law as stated in the following case: MBNA America Ban/c [sic] N.A. v. Nelson, 133777/06, 2007 NY [sic] Slip Op 51200U: 2007 N.Y. Misc. LEXIS 4317 (N.Y. Civ. Ct. May 24, 2007). * * *
>
> THIRD:
> The complaint in itself fails in it's [sic] essence due to the fact that it is without affidavit and proper evidence in hand.

**{¶21}** Krawczyk's objection to the motion for default argued in relevant part that he has "been misled as to who the holder in due course of the said Promissory note is and requests the court to have the Plaintiff provide the original Promissory note so that [he] can ascertain as to the validity of the Plaintiff's claim for Money Judgment, Foreclosure and Relief."

{¶22} Krawczyk's arguments — the same ones he argues in his 60(B) motion for relief from judgment — were rejected by the trial court. To the extent Krawczyk believed the trial court erred by doing so, his remedy was to appeal the court's March 25, 2010 final order. His failure to do so bars his arguments under the doctrine of res judicata: the issue of standing was litigated and adjudicated in the underlying action. *See First Internet Bank of Indiana v. Equine Transp. Acceptance Co.*, 5th Dist. Stark No. 2011CA00094, 2011-Ohio-5804, ¶ 21 (appellant's arguments are barred as res judicata as they were capable of being raised on direct appeal and a Civ.R. 60(B) motion cannot be used as a substitute for a direct appeal).

{¶23} This case is not analogous to the Supreme Court of Ohio's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, where the court held that a party who files a foreclosure action must have standing to sue at the time the complaint is filed. In that case, the bank instituted a foreclosure action against the property owner before the bank became the real party in interest. The bank was subsequently assigned the rights to foreclose. Federal Home conceded that it was not a "person entitled to enforce the note" as of the date the complaint was filed, but claimed that it later became a "person entitled to enforce the note" as a "nonholder in possession of the instrument who has the rights of a holder." The Supreme Court rejected that contention and held that Federal Home's standing had to be established as of the commencement of suit.

{¶24} In the case at bar, Chemical Bank established that it had standing to commence this action against Krawczyk when it filed the lawsuit. Unlike the bank in *Schwartzwald*, Chemical Bank established that it was the owner of the note and mortgage at the time of filing by attaching to its complaint: a copy of the Republic Bank note, a copy of the mortgage agreement, and a copy of the July 29, 2009 assignment from Republic Bank that transferred both the mortgage and the promissory note to Chemical Bank. These items clearly demonstrated to the court that Chemical Bank had standing to file the action against Krawczyk. Any challenge Krawczyk makes regarding the legitimacy or the sufficiency of the documents is an affirmative defense to be considered by the trial court and does not deprive the trial court of jurisdiction to decide the case.

{¶25} I agree with the concurring opinion in this case that *Schwartzwald* makes clear that if a party lacks standing at the time it files suit, there is no justiciable controversy and the trial court is without jurisdiction to decide the matter. But as the trial court in this case determined, Chemical Bank's standing as a jurisdictional impediment is not an issue in this case, let alone one that can be raised repeatedly to the trial court whenever a ruling on the matter is unfavorable. To hold otherwise would abandon well-established jurisprudence regarding appellate review and would not promote judicial economy.

{¶26} With this analysis, I do not take the position that standing as a jurisdictional impediment can never be properly raised in a motion for relief from judgment. And as the concurring opinion notes, the Supreme Court may well decide this issue in the near

future. Simply put, I believe our jurisprudence requires a party to directly appeal an adverse ruling against him when he has raised an issue in the trial court and had a full and fair opportunity to litigate the matter. In this case, Krawczyk is using a Civ.R. 60(B) motion as a substitute for a timely appeal or to contest the merits of the underlying judgment: neither of which should be permitted.

{¶27} Unlike the bank in *Schwartzwald*, Chemical Bank attached to its complaint all of the necessary paperwork to show its standing to invoke the jurisdiction of the court. Also, unlike in *Schwartzwald*, the assignment of the note and mortgage from Republic Bank to Chemical Bank was clearly made before the foreclosure action was filed. Krawczyk had every right to challenge the authenticity or the credibility of Chemical Bank's documents, but those mere challenges are not proof that the bank lacked standing and they certainly do not rise to the level of divesting the court of jurisdiction. Like the court noted in *Schwartzwald*, quoting the U.S. Supreme Court, "invoking the jurisdiction of the court 'depends on the state of things at the time of the action brought,'" *Schwartzwald* at ¶ 25, quoting *Mollan v. Torrance*, 22 U.S. 537, 539, 6 L.Ed. 154 (1824), and the Supreme Court has observed that "[t]he state of things and the originally alleged state of things are not synonymous; demonstration that the original allegations were false will defeat jurisdiction." *Id.* at ¶ 25, citing *Rockwell Internatl. Corp. v. United States*, 549 U.S. 457, 473, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007).

{¶28} Krawczyk did not prove that the paperwork Chemical Bank attached to its complaint was fraudulent or insufficient to demonstrate standing. The trial court

determined that the bank had standing, and Krawczyk's mere assertion that the bank did not have standing does not make this case analogous to *Schwartzwald*.

{¶29} The doctrine of res judicata should bar this subsequent consideration of Krawczyk's claims. He did not timely appeal the trial court's ruling that decided the issue of standing. The often quoted phrase that "the issue of standing can be raised at anytime"[3] does not equate to "the issue of standing can be raised *many* times" or multiple times. This is exactly the situation in this case. Krawczyk raised the issue in the trial court. The trial court ruled against him. He did not appeal. He goes back to the trial court and raises the issue again couched in terms of a Civ.R. 60(B) motion. The trial court again rules against him. He appeals the decision. This court rules against him. Can he somehow go back to the trial court to ask for consideration of the issue again by some other means? If so and the ruling is unfavorable, it stands to reason that he would be able to appeal that decision too. As unreasonable as this may sound, the Eleventh District Court of Appeals recently addressed a similar scenario.

{¶30} In *Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206, a highly-divided court concluded that the trial court properly denied relief from a default judgment to appellants who were the defendants in a foreclosure action. Similar to the case at bar, the appellants in *Yeager* argued that the plaintiff did not have an interest in the note and mortgage and therefore lacked standing to

---

[3]This phrase, as quoted in *Schwartzwald*, actually states that "the issue of standing is, and always has been a 'jurisdictional requirement' that can be raised at anytime *during pendency of the proceedings*." *Id.* at ¶ 22 (emphasis added).

bring the action against them. Notable in *Yeager* is the fact that, after default judgment was rendered against the property owners, the judgment was affirmed on appeal and the property was sold at sheriff's sale. The property owners filed a motion to stay the confirmation of sale along with the motion for relief from judgment. The trial court denied the Civ.R. 60(B) motion and confirmed the sale.[4] *Id.* at ¶ 5.

{¶31} In any event, even if we were to not find that Krawczyk is attempting to use his motion for relief as a substitute for an appeal, he has failed to allege any grounds that entitle him to relief under Civ.R. 60(B).

{¶32} Civ.R. 60(B) governs motions for relief from judgment and provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *

{¶33} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in

---

[4]The lead opinion in *Yeager* affirms the decision based on a Civ.R. 60(B) analysis, the concurring-in-judgment-only opinion affirms based on res judicata, and the dissent would reverse the trial court's decision and allow the appellants the opportunity to challenge the assignment of the note and/or mortgage.

Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶34}** In the case at bar, there is no dispute that Krawczyk's motion for relief from judgment was timely filed. However, Krawczyk cannot establish grounds for relief or that he has a meritorious defense.

**{¶35}** Although a claim that a bank lacked standing to commence its foreclosure action may be a basis for relief from judgment pursuant to Civ.R. 60(B)(5), *Wells Fargo Bank, N.A. v. Brandle*, 2d Dist. Champaign No. 2012CA0002, 2012-Ohio-3492, ¶ 18, as previously noted, Krawczyk made this argument to the trial court and the court rejected it. He had a full and fair opportunity to present his defense, therefore, he is not entitled to relief under Civ.R. 60(B).

**{¶36}** For his meritorious defense, Krawczyk argues that Chemical Bank was not entitled to summary judgment because it did not demonstrate its standing to obtain foreclosure. In *Wachovia Bank v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, the court held that in order to properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) The movant is the holder of the note and mortgage, or is a party entitled to

enforce the instrument;[5] (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. In *Wachovia Bank*, the court reversed an award of summary judgment where the bank's affiant did not establish her personal knowledge of the transaction: the affiant identified the mortgage and the note as accurate copies of the originals, but did not identify any other documents; and did not properly authenticate the documents submitted to the court. *Id.* at ¶ 40-58.

{¶37} In this case, the note was payable to Republic Bank and was never endorsed to Chemical Bank or endorsed in blank. However, the trial court properly concluded that this matter was governed by this court's decision in *Deutsche Bank*, 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663. In that case, this court observed that the note was not endorsed so it was insufficient to show that the transferee was a "holder" of the note, but the evidence of record demonstrated that the assignment of the note and mortgage transferred and assigned to the transferee all of its rights to the note. *Id.* at ¶ 22. We stated:

> "Under Ohio law, the right to enforce a note cannot be assigned — instead, the note must be negotiated in accord with Ohio's version of the Uniform Commercial Code." See Ohio Rev. Code § 1301.01 et seq. and § 1303.01 et seq.; *see also* U.C.C. Article 3. An attempt to assign a note creates a

[5]R.C. 1303.31(B) provides that a "person entitled to enforce" a negotiable instrument includes:

(1) The holder of the instrument; (2) A nonholder in possession of the instrument who has the rights of a holder; (3) A person not in possession of the instrument who is entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

claim to ownership, but does not transfer the right to enforce the note. *In re Wells* (N.D.Ohio 2009), 407 B.R. 873.

In this case, an unendorsed copy of the note was offered. Therefore, the note itself was insufficient to show that Deutsche Bank was a "holder" of the note. However, the court could consider extrinsic evidence in the record to determine whether Argent transferred the note to Deutsche Bank. See *F.D.I.C. v. Cutler* (Conn.Super.,1997), 18 Conn.L.Rptr. 640, 1997 Conn.Super. LEXIS 126. Here the assignment of the note and mortgage to Deutsche Bank, together with the servicing of the documents on behalf of Deutsche Bank, demonstrated that Argent transferred and assigned to Deutsche Bank all of its rights and privileges to the note. Also, Padilla testified that Deutsche Bank was the holder of the note and mortgage. Upon this record, the trial court could properly conclude that Deutsche Bank was the holder of the note with the right to enforce payment thereon.

*Id.* at ¶ 21-22.

{¶38} Similar to the court in *Deutsche Bank*, the trial court was presented with ample evidence to demonstrate that Chemical Bank is the real party in interest with standing to foreclose. Attached to Chemical Bank's complaint were copies of the note, the mortgage, and the assignment of the note and mortgage from Republic Bank to Chemical Bank dated July 29, 2009. The same items were attached to Chemical Bank's motion for summary judgment along with the affidavit of Tracy Johnson submitted to establish other elements of the foreclosure claim. These items were sufficient to show that Chemical Bank is the holder of the note. Although the assignment of the note and mortgage does not state that Republic Bank transfers "all of its rights and privileges" in the note as the assignment stated in *Deutsche Bank,* the assignment from Republic Bank states that Chemical Bank is transferred and assigned the "Mortgage Deed" and the

"Promissory Note" and "all sums of money due and to become due thereon." This language was sufficient to establish Chemical Bank's standing.

{¶39} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY
WITH SEPARATE OPINION;

MARY EILEEN KILBANE, J., DISSENTS WITH
SEPARATE OPINION

MARY J. BOYLE, J., CONCURRING IN JUDGMENT ONLY:

{¶40} I agree with the lead opinion that the trial court's judgment should be affirmed because Chemical Bank established that it had standing to bring the foreclosure action at the commencement of the suit. I write separately, however, to express my disagreement with the majority's assessment of Civ.R. 60(B), res judicata, and the issue

of standing in the wake of *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

**{¶41}** It is my view that *Schwartzwald* makes clear that the issue of standing is, and always has been, a "jurisdictional requirement" that can be raised at anytime — even post-judgment, and even if the issue of standing had been previously raised. This is because if a party lacks standing, it has no personal stake in the outcome of the controversy. If a party has no personal stake in the outcome of the controversy, then there is no justiciable controversy. If there is no justiciable controversy, then the common pleas court lacks subject matter jurisdiction over the case. *See* Ohio Constitution, Article IV, Section 4(B).

**{¶42}** The lead opinion cites to a very recent and "highly-divided" decision of the Eleventh Appellate District, *Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206. The facts in *Yeager* are similar to the facts in the present case.

**{¶43}** The lower court in *Yeager* granted the bank default judgment ordering foreclosure of appellants' property. On direct appeal, appellants argued that the bank lacked standing. *See Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. Lake No. 2011-L-025, 2012-Ohio-124. In a pre-*Schwartzwald* decision, the Eleventh District affirmed the trial court's default judgment. *See id.* Appellants then moved to vacate the trial court's default judgment in a Civ.R. 60(B) motion, arguing that the bank had no interest in the note and mortgage, and therefore, had no standing to bring the suit. The

trial court denied the appellants' Civ.R. 60(B) motion, from which appellants again appealed.

**{¶44}** In the Yeagers' appeal from the trial court's denial of their Civ.R. 60(B) motion, Judge Timothy Cannon explained:

> A brief history of the law in this area is warranted given that the issue of standing in the context of a mortgage foreclosure action has developed significantly since the parties filed their briefs in this appeal. Previously, the Ohio Supreme Court, in the plurality opinion of *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 701 N.E.2d 1002 (1998), indicated that standing is not jurisdictional, explaining that, pursuant to Civ.R. 17, "lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter." *Id.* at 77. Relying on this proposition, this court held standing to not be jurisdictional, but rather an affirmative defense that can be waived if not timely asserted. *Aurora Loan Servs., LLC v. Cart*, 11th Dist. No. 2009-A-0026, 2010-Ohio-1157; *Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. No. 2011-L-025, 2012-Ohio-124; *Everhome Mtge. Co. v. Behrens*, 11th Dist. No. 2011-L-128, 2012-Ohio-1454; *Bank of New York Mellon Trust Co., N.A. v. Shaffer,* 11th Dist. No. 2011-G-3051, 2012-Ohio-3638.
>
> After the parties filed their briefs in this case, however, the Ohio Supreme Court released [*Schwartzwald*], wherein it criticized *Jones* and held that standing is jurisdictional. *Id.* at ¶ 22, ¶ 29. As it is a jurisdictional requirement, the Supreme Court concluded that standing must be determined as of the commencement of the suit. *Id.* at ¶ 24. It further emphasized that Civ.R. 17(A), requiring actions to be prosecuted in the name of the real party in interest, does not address standing but instead merely concerns proper party joinder. *Id.* at ¶ 33. Thus, "a lack of standing at the outset of litigation cannot [subsequently] be cured by receipt of an assignment of the claim or by substitution of the real party in interest." *Id.* at ¶ 41 (emphasis added). We recently had occasion to evaluate the import of *Schwartzwald* as applied to the prior holdings of this court. In *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. No. 2012-A-0011, 2012-Ohio-5930, we expressly overruled the holdings in *Cart*, supra; *Yeager*, supra; *Behrens*, supra; and *Shaffer*, supra, to the extent they were inconsistent with *Schwartzwald*. *Id.* at ¶ 29.

Here, appellee argues that appellants are barred by res judicata because they previously argued this matter before this court in *Yeager*, supra. This is something of a procedural double-edged sword for appellants. In recognizing this court's previous decision in *Yeager*, appellants go to great pains to characterize their argument as not relating to standing or "the correctness of the assignment," but rather appellee's "authority to act" to foreclose upon the real property. However, if we were to accept this characterization, likely made in an effort to avoid the holding in *Yeager*, then appellants' argument would indeed be barred by res judicata because this is an argument that could have and should have been raised in their direct appeal. Rather, we find appellants are raising the issue of standing, as they contend appellee had no interest in the note or mortgage and therefore had no authority to bring the action. As set forth above, the law has changed, and following the dictates of the Ohio Supreme Court, we now hold standing to be a jurisdictional requirement. See *Rufo*, supra. As the lack of jurisdiction is an issue that cannot be waived and may be raised at any time, res judicata does not bar the arguments before this court. *Byard v. Byler*, 74 Ohio St.3d 294, 296, 658 N.E.2d 735 (1996); see also *Mulby v. Poptic*, 8th Dist. No. 98324, 2012-Ohio-5731, ¶ 10. As this court's previous decision in *Yeager* was released before *Schwartzwald* and overruled in part in *Rufo*, the law-of-the-case doctrine similarly does not bar us from considering this argument. *See Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15.

*Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206, at ¶ 14-16.

**{¶45}** After setting forth his reasoning, Judge Cannon affirmed the trial court's denial of appellants' Civ.R. 60(B) motion, concluding that the bank established that it had been assigned the note and mortgage prior to bringing the foreclosure action. *Id.* at ¶ 17-18. Therefore, the bank had standing at the commencement of the suit. I fully agree with Judge Timothy Cannon's well-reasoned opinion in *Yeager*.

**{¶46}** Similarly, the Second District, which like the Eleventh District had previously held that standing was an affirmative defense that could be waived if not raised because it was not a jurisdictional impediment, has changed its course in light of

the Ohio Supreme Court's decision in *Schwartzwald*. In *BAC Home Loans Servicing L.P. v. Busby*, 2d Dist. Montgomery No. 25510, 2013-Ohio-1919, the Second District explained:

> In the past, the Supreme Court of Ohio held that a "[l]ack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." (Citations and footnote omitted.) [*Suster*, 84 Ohio St.3d at 77]. Accordingly, a standing or real party in interest defense to a foreclosure was considered waived, if not timely asserted. *Mid-State Trust IX v. Davis*, 2d Dist. No. 07-CA-31, 2008-Ohio-1985, ¶ 56.
>
> Recently, in the context of a mortgage foreclosure action, the Ohio Supreme Court held that standing is jurisdictional and is determined when a lawsuit is commenced. [*Schwartzwald*, 134 Ohio St.3d at ¶ 24]. The supreme court made clear that post-suit events cannot be considered to determine standing, and lack of standing cannot be "cured" by use of Civ.R. 17 (real party in interest) or other civil rules. The supreme court stated:
>
> Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance. *Schwartzwald* at ¶ 38.
>
> Because standing is a jurisdictional requirement, the complaint must be dismissed if standing is lacking. [*Schwartzwald*] at ¶ 40. Moreover, because standing concerns the subject matter jurisdiction of the court, standing is an issue that cannot be waived and may be raised at any time, even after judgment. *BAC Home Loans Servicing, L.P. v. Meister*, 11th Dist. No. 2012-L-042, 2013-Ohio-873, ¶ 6, citing *Byard v. Byler*, 74 Ohio St.3d 294, 296, 658 N.E.2d 735 (1996). "If a trial court lacks subject matter jurisdiction to render a judgment, the order is void ab initio and may be vacated by the court's inherent power, even without the filing of a Civ.R. 60(B) motion." *State v. Wilfong*, 2d Dist. No. 2000-CA-75, 2001 Ohio App. LEXIS 1195, *2 (Mar. 16, 2001). *See BJ Bldg. Co., L.L.C. v. LBJ Linden Co., L.L.C.*, 2d Dist. No. 21005, 2005-Ohio-6825, ¶ 20.

*Id.* at ¶ 17-19.

**{¶47}** Thus, I agree with the dissent that it was proper for Krawczyk to raise the issue of standing under Civ.R. 60(B)(5) — even though he had previously raised the issue. This is because if the bank lacked standing at the commencement of the foreclosure action, then the trial court lacked jurisdiction over the case and any judgment issued by the trial court would be void. But it is my view that, just as in *Yeager*, Krawczyk failed to establish that he had a meritorious defense because the record indicates that the bank had standing at the commencement of the foreclosure action. Thus, for this reason, I disagree with the dissent and would affirm the trial court's judgment denying Krawczyk's Civ.R. 60(B) motion. *See also GMAC Mtge., L.L.C. v. Coleff*, 8th Dist. Cuyahoga No. 98917, 2013-Ohio-2462; *Mulby v. Poptic*, 8th Dist. Cuyahoga No. 98324, 2012-Ohio-5731 (where two separate, unanimous panels of this court, with this writer authoring *Coleff*, held that standing could be raised in a Civ.R. 60(B) motion in the wake of *Schwartzwald*, even though in both cases, the appellants failed to directly appeal the trial court's judgment entry of foreclosure and instead moved to vacate the judgment under Civ.R. 60(B)).

**{¶48}** Finally, I would just note that the Ohio Supreme Court has certified a conflict between the Ninth and Tenth Districts on the following question: "When a defendant fails to appeal from a trial court's judgment in a foreclosure action, can a lack of standing be raised as part of a motion for relief from judgment?" *See Bank of Am. v. Kuchta*, 135 Ohio St.3d 1430, 2013-Ohio-1857. Although not directly on point, the outcome of this case will likely shed light on some of these issues.

MARY EILEEN KILBANE, J., DISSENTING:

**{¶49}** I respectfully dissent. I would find that defendant-appellant, Frank Krawczyk, established each of the requirements for relief from judgment. Accordingly, I would reverse and remand.

**{¶50}** In 1999, Frank Krawczyk entered into a mortgage agreement with Republic Bank and signed an adjustable rate note in the amount of $202,500 payable to the order of Republic Bank. On August 5, 2009, Chemical Bank filed a complaint for foreclosure, alleging that it was the owner and holder of the promissory note following the assignment and transfer of the note from Republic Bank. An unendorsed copy of the Republic Bank note was appended to the complaint.

**{¶51}** In support of its motion for summary judgment, Chemical Bank attached a copy of the unendorsed note, the July 29, 2009 assignment of the note, and an affidavit from an officer of its mortgage servicing agent, PHH Mortgage Corporation, which provided in relevant part as follows:

> 3. That the copies of the Promissory Note and Mortgage Deed attached to Plaintiff's Complaint are true and accurate copies of the original instruments held by Plaintiff;
>
> * * *
>
> 5. That * * * there is presently due and owing an unpaid principal balance of $180,444.90, with interest thereon[.]

**{¶52}** Although the majority has determined that Krawczyk's motion for relief from judgment was an improper substitute for an untimely appeal, Civ.R. 60(B) is a

remedial measure and should be liberally construed. *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980). Moreover, I would find that the three requirements for relief under Civ.R. 60(B) and as set forth in *GTE Automatic Elec.* are met herein. *Id.*, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

**{¶53}** With regard to the first requirement, timeliness, Chemical Bank does not challenge this aspect of the motion. As to the second requirement, grounds for relief under Civ.R. 60(B)(1)-(5), a claim that a bank lacked standing to commence its foreclosure action may be a basis for relief from judgment pursuant to Civ.R. 60(B)(5). *Wells Fargo Bank, N.*, 2d Dist. Champaign No. 2012CA0002, 2012-Ohio-3492, ¶ 18.

**{¶54}** As to the third requirement, a meritorious defense, Krawczyk argued that Chemical Bank was not entitled to summary judgment because it did not demonstrate its standing to obtain foreclosure. To properly support a motion for summary judgment in a foreclosure action, the movant must show: (1) that it is the holder of the note and mortgage, or is a party entitled to enforce the instrument under R.C. 1303.31(B); (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Wachovia Bank*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203. In that case, the court reversed an award of summary judgment where the bank's affiant did not establish her personal knowledge of the transaction; the affiant identified the mortgage and the note as accurate copies of the originals, but did not

identify any other documents; and did not properly authenticate the documents submitted to the court. *Id.* at ¶ 40-45.

**{¶55}** In this matter, the note was payable to Republic Bank and was never endorsed to Chemical Bank or endorsed in blank, so it is undisputed that Chemical Bank is not a holder of the instrument. As to whether Chemical Bank is a nonholder in possession with the rights of a holder under R.C. 1303.22(A) and 1303.31, the majority relies upon *Deutsche Bank*, 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663. I find this matter distinguishable from that case, insofar as in *Deutsche Bank* this court held:

> An attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note. *In re Wells* (N.D.Ohio 2009), 407 B.R. 873.
>
> In this case, an unendorsed copy of the note was offered. Therefore, the note itself was insufficient to show that Deutsche Bank was a "holder" of the note. However, the court could consider extrinsic evidence in the record to determine whether Argent transferred the note to Deutsche Bank. See *F.D.I.C. v. Cutler* (Conn.Super.,1997), 18 Conn.L.Rptr. 640, 1997 Conn.Super. LEXIS 126. Here the assignment of the note and mortgage to Deutsche Bank, together with the servicing of the documents on behalf of Deutsche Bank, demonstrated that Argent transferred and assigned to Deutsche Bank all of its rights and privileges to the note. Also, Padilla testified that Deutsche Bank was the holder of the note and mortgage. Upon this record, the trial court could properly conclude that Deutsche Bank was the holder of the note with the right to enforce payment thereon.

*Id.* at ¶ 21-22.

**{¶56}** Here, however, the plain language of the assignment did not transfer "all of its rights and privileges" in the note to Chemical Bank, as was the case in *Deutsche Bank*. In addition, Chemical Bank's evidentiary materials did not establish that the affiant had personal knowledge regarding the assignment of the note and mortgage, the affidavit did

not authenticate the assignment and did not indicate that Republic Bank transferred and assigned to Chemical Bank all of its rights and privileges to the notes. *Accord Wachovia Bank*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203 (averments in affidavit were insufficient); *First Union Natl. Bank v. Hufford*, 146 Ohio App.3d 673, 2001-Ohio-2271, 767 N.E.2d 1206 (3d Dist.) (averments in affidavit were insufficient); *U.S. Bank Natl. Assoc. v. Perry*, 8th Dist. Cuyahoga No. 94757, 2010-Ohio-6171 (averments in affidavit were insufficient).

**{¶57}** I would conclude that Krawczyk established each of the requirements for relief from judgment under Civ.R. 60(B).