OPINION
{¶ 1} Defendant-appellant William Vasko appeals from the May 3, 2004, Judgment Entry of the Guernsey County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant William Vasko and appellee Connie Vasko were married on December 27, 1969. On November 4, 2002, appellee filed a complaint for divorce against appellant in the Guernsey County Court of Common Pleas. At the time the complaint was filed, all of the parties' children were adults.
 {¶ 3} A contested divorce trial was held before the trial court on October 20, 2003. Pursuant to a Decree of Divorce filed on December 31, 2003, the trial court ordered appellant to pay spousal support to appellee in the amount of $500.00 a month for eight years. The trial court further awarded appellee one-half of appellant's pension "due to the financial misconduct of the Defendant [appellant] described in Findings of Fact No. 17, 18 and 19." The trial court, in the decree, specifically made the following findings:
 {¶ 4} "17. The Court further finds that at the time of the parties' separation, the Defendant had $32,027.49 in Atlanta Postal Credit Union Account #0000042390 in the name of William R. Vasko and that said account now has $700.00 and a Wesbanco account that previously had $5,000.00 but now is closed.
 {¶ 5} "18. The Court further finds that all sums withdrawn from said account were used by the Defendant, William R. Vasko.
 {¶ 6} "19. The Court further finds that from January, 1999, to October, 2001 (34 months) the Defendant deposited only $435.00 of his $1,400.00 plus paycheck bi-weekly into the Cambridge Savings Bank joint checking account #16700319 leaving the Defendant in excess of $68,000.00 for his use exclusively."
 {¶ 7} On January 13, 2004, the trial court received and time-stamped a pro se letter from appellant. Appellant, in his letter to the trial court, challenged the trial court's finding that appellant had committed financial misconduct and also argued that, based on the trial court's award of spousal support and division of appellant's pension, he would be left with only $200.00 a month to live on. The trial court treated appellant's letter as a motion for relief from judgment pursuant to Civ.R. 60(B) and held an evidentiary hearing on the same on February 12, 2004. As memorialized in a Judgment Entry filed on May 3, 2004, the trial court ordered that appellee receive one-half of appellant's net monthly pension. The trial court, however, left undisturbed the award of spousal support to appellee and its finding that appellant had engaged in financial misconduct.
 {¶ 8} Appellant now appeals from the trial court's May 3, 2004, Judgment Entry, raising the following assignment of error:
 {¶ 9} "The trial court's judgment was against the weight of the evidence and an abuse of discretion when it found that appellant had committed financial misconduct and ordered monthly spousal support for eight years."
 I {¶ 10} Appellant, in his sole assignment of error, argues that the trial court abused its discretion in awarding appellee spousal support for a period of eight years and in finding that appellant had committed financial misconduct and that the trial court's judgment was against the manifest weight of the evidence.
 {¶ 11} As is stated above, the trial court, in the December 31, 2003, Divorce Decree, found that appellant had committed financial misconduct and awarded appellee spousal support in the amount of $500.00 a month for eight years. Appellant did not appeal from such judgment, but rather sent a letter to the trial court on or about January 13, 2004, that the trial court treated as a motion for relief from judgment pursuant to Ohio Civ. R. 60(B). Appellant, in such letter/motion, challenged the trial court's finding that appellant had engaged in financial misconduct and questioned the fairness of the award of spousal support to appellee.
 {¶ 12} However, a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. E.g., Doe v. Trumbull County Childrens'Services Board (1986), 28 Ohio St.3d 128, 502 N.E.2d 605. The issues raised in appellant's letter/Civ.R. 60(B) motion were cognizable on direct appeal from the December 31, 2003, Divorce Decree, and constituted a challenge to the correctness of the trial court's original decision on the merits. Such a challenge could have been raised by way of appeal from the December 31, 2003, Divorce Decree, and Civil Rule 60(B) relief is not available as a substitute for such appeal. In other words, the issue raised in this appeal should have been raised in a direct appeal from the Divorce Decree. A 60(B) motion can not be used as a substitute for an appeal and its filing does not toll the time during which a direct appeal must be filed.
 {¶ 13} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 14} Accordingly, the judgment of the Guernsey County Court of Common Pleas is affirmed.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.