HARRIS, APPELLANT, *v.* ANDERSON, WARDEN, ET AL., APPELLEES.

[Cite as *Harris v. Anderson,* 109 Ohio St.3d 101, 2006-Ohio-1934.]

(No. 2005–2182—Submitted March 15, 2006—Decided May 3, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a second motion for relief from a judgment dismissing a petition for a writ of habeas corpus.

{¶ 2} In 1988, appellant, William O. Harris, was convicted of aggravated murder and sentenced to a prison term of 20 years to life. In October 2004, Harris filed a petition in the Court of Appeals for Lorain County for a writ of habeas corpus to compel appellees, his prison warden and the Director of the Ohio Department of Rehabilitation and Correction, to release him from prison. On March 4, 2005, the court of appeals dismissed the petition because of Harris's failure to comply with the commitment-paper requirement of R.C. 2725.04(D).

{¶ 3} On March 15, 2005, Harris filed a motion for relief from the March 4, 2005 judgment pursuant to Civ.R. 60(B)(1) based on "mistake, inadvertence, surprise or excusable neglect." Harris claimed that he had been unable to obtain a response from the clerk of his trial court to his requests for copies of his commitment papers and, therefore, he had proceeded with his habeas corpus action "by enclosing copies of both [of] his sentencing Journal Entries." On April 4, 2005, the court of appeals denied Harris's motion for relief from judgment.

{¶ 4} Harris appealed from the court of appeals' judgment denying his Civ.R. 60(B) motion. On August 9, 2005, we dismissed the appeal for want of prosecution because Harris failed to file a timely merit brief. *Harris v. Anderson,* 106 Ohio St.3d 1476, 2005-Ohio-4054, 832 N.E.2d 731.

{¶ 5} On September 1, 2005, Harris filed in the court of appeals a second motion for relief from the March 4, 2005 judgment dismissing his habeas corpus

petition pursuant to Civ.R. 60(B)(1), again on the grounds of mistake, inadvertence, surprise, or excusable neglect. Harris claimed that he had complied with the R.C. 2725.04(D) commitment-paper requirement. On November 3, 2005, the court of appeals denied Harris's second motion for relief from judgment.

{¶ 6} This cause is now before the court upon Harris's appeal as of right.

{¶ 7} "In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion." *State ex rel. Russo v. Deters* (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237. For the following reasons, the court of appeals did not abuse its discretion in denying Harris's motion for relief from judgment.

{¶ 8} "[R]es judicata prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion." *Beck–Durell Creative Dept., Inc. v. Imaging Power, Inc.*, Franklin App. No. 02AP–281, 2002-Ohio-5908, 2002 WL 31417757, ¶ 16. See, also, *Roberts v. Roberts*, Montgomery App. Nos. 20432 and 20446, 2004-Ohio-5799, 2004 WL 2445227, ¶ 25. Because Harris's second Civ.R. 60(B) motion was based on the same grounds and either the same facts or facts that could have been raised in his first Civ.R. 60(B) motion, his second motion was barred by res judicata.

{¶ 9} Moreover, insofar as Harris asserts in his Civ.R. 60(B) motion that the court of appeals erred in dismissing his habeas corpus petition, he should have raised that claim in a timely appeal from the March 4, 2005 judgment dismissing that petition rather than by way of a Civ.R. 60(B) motion. " 'A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal * * *.' " *State ex rel. Bragg v. Seidner* (2001), 92 Ohio St.3d 87, 748 N.E.2d 532, quoting *Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90–91, 689 N.E.2d 548.

{¶ 10} Finally, the court of appeals correctly ruled that Harris's petition was fatally defective for failure to include copies of all pertinent commitment papers. Harris attached a sentencing entry for case No. CR–87–221814–A but failed to attach one for case No. CR–87–221845–C, which is referenced as another criminal case involving Harris in an exhibit attached to his petition. See R.C. 2725.04(D); *State ex rel. Johnson v. Ohio Dept. of Rehab. and Corr.* (2002), 95 Ohio St.3d 70, 71, 765 N.E.2d 356.

{¶ 11} Based on the foregoing, the court of appeals properly denied Harris's second motion for relief from judgment. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

William O. Harris, pro se.

Jim Petro, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellees.