JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, James Shikner ("plaintiff"), appeals from the trial court's denial of his motion for relief from judgment filed pursuant to Civ.R. 60(B) and alleging excusable neglect for failure to comply with the trial court's mandate to produce certain discovery. For the reasons that follow, we affirm.
 {¶ 2} Plaintiff commenced this action against defendants-appellees, S P Solutions, et al. ("defendants"), asserting claims that, among other things, sought payment of wages and commissions. Defendants sought discovery from plaintiff including that he produce various tax returns. The trial court ordered plaintiff to produce "his local, state, and federal tax returns, including his W-2 and 1099 tax forms from 1999-present by 12/31/04." When plaintiff failed to comply with that deadline, the trial court extended it to 1/31/05 with an admonishment that non-compliance would result in dismissal of plaintiff's claims. Plaintiff did not fully comply with the order and the trial court dismissed the case and ordered plaintiff to pay "reasonable attorney fees * * * relating to the motion filings of this case." Although plaintiff appealed the decision, we dismissed it for lack of a final appealable order. Shikner v. S P Solutions, Inc. (Mar. 10, 2005), Cuyahoga App. No. 86087 (no determination of amount of attorney fees).
 {¶ 3} The trial court subsequently entered an order awarding a specific amount of attorney fees. Plaintiff then appealed only the award of attorney fees and not the judgment that dismissed the case. SeeShikner v. S P Solutions, Inc., Cuyahoga App. No. 86291, 2006-Ohio 1339. Plaintiff simultaneously filed a motion for relief from the judgment dismissing his claims alleging excusable neglect and maintaining that pursuant to "Civ.R. 60(B)(5) a meritorious claim should not be dismissed over a procedural dispute * * *." In support, plaintiff submitted an affidavit of his attorney, which averred that "affiant * * * produced plaintiff's income tax returns marked `confidential' and made good faith efforts to comply with all discovery requests and Court orders."
 {¶ 4} Due to the pending appeal in Case No. 86291, the trial court sua sponte dismissed plaintiff's motion for relief from judgment on July 25, 2005. Plaintiff re-filed his motion for relief from judgment on September 30, 2005, following this Court's order issued September 16, 2005 in Case No. 86291.
 {¶ 5} According to the record, the trial court scheduled a hearing for oral argument on plaintiff's motion scheduled to take place on December 2, 2005. The record further reflects that the trial court held a hearing on said motion on January 9, 2006. (R. 64). By order dated February 27, 2006, the trial court denied plaintiff's motion for relief from judgment and it is from that decision that plaintiff's instant appeal arises. Id.
 {¶ 6} Plaintiff assigns two errors for our review, which we address together for ease of discussion.
 {¶ 7} "I. The decision of the Cuyahoga County Court of Common Pleas to deny appellant's motion to vacate or relief from order granting judgment to defendant is an abuse of discretion as appellant demonstrated a meritorious claim, was entitled to relief under Rule 60(B) of the Ohio Rules of Civil Procedure, and filed such motion within a reasonable time, as provided by statute.
 {¶ 8} "II. The decision of the Cuyahoga County Court of Common Pleas to deny appellant's motion to vacate or relief from order granting judgment to defendant without holding an evidentiary hearing is an abuse of discretion."
 {¶ 9} Civ.R. 60(B) provides in part: "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 10} As with any motion for relief, the proponent has the burden of proof. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 11} Here, plaintiff relied on the grounds stated in 60(B)(1), excusable neglect, and 60(B)(5), any other reason justifying relief. In each instance, plaintiff maintains he should be relieved from the discovery sanction that dismissed his case because his attorney was endeavoring to protect the alleged confidential nature of his tax return documents.[1] On this record, which contains repeated allowances and warnings by the trial court to produce the documents, the lower court determined it could not find the cumulative failures to be excusable neglect.[2] In reviewing the record, it is unclear whether plaintiff ever fully complied with the court-ordered production.
 {¶ 12} There are various procedural mechanisms available for a party to protect the confidential nature of its information during litigation, i.e., motion for protective order, stipulated agreements, etc. The denial of a motion for protective order may itself be subject to appeal pursuant to R.C. 2505.02(A)(3) and (B)(4). See, generally,Vandenhaute v. Filer, Cuyahoga App. No. 80405, 2002-Ohio-364, ¶ 17, ("the denial of a motion for a protective order satisfies the definition of `final order' under R.C. 2505.02 for purposes of appellate review * * *.") It is well settled that a motion for relief from judgment may not serve as a substitute for a matter that could have been raised in a timely appeal. Harris v. Anderson, 109 Ohio St.3d 101
 {¶ 13} The genesis of this litigation dates back to May 2003 and the issues surrounding the subject discovery have existed for quite some time. The trial court repeatedly ordered plaintiff to produce the documents; even giving him an extension of time. Ultimately, he was advised in writing that his claims would be dismissed for noncompliance with court orders. This Court appreciates the duty and efforts of counsel to protect the interests of their clients but at the same time we must balance and protect the countervailing importance of ensuring that litigants comply with court orders. That plaintiff was unable to garner a confidentiality agreement or protective order prior to the final court-ordered deadline for production of January 31, 2005, is not sufficient to constitute excusable neglect in this case.
 {¶ 14} Assignment of Error I is overruled.
 {¶ 15} In his second assignment of error, plaintiff maintains the trial court abused its discretion because it did not hold an evidentiary hearing. According to the record and the journal entry of the trial court, a hearing was held on January 9, 2005. The order further indicates "no need for additional evidentiary submissions for [the] matter to be decided." (R. 64, emphasis added).
 {¶ 16} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] The two dismissal rule has no effect in this case as the trial court dismissed the action with prejudice as a discovery sanction. If plaintiff is arguing that he would have dismissed this case in lieu of producing the discovery but could not do so without prejudice due to his previous dismissal, we cannot reach this issue. Plaintiff did not dismiss the action pursuant to Civ.R. 41 (which would have effectively resulted in an adjudication on the merits being his second dismissal) nor did he ever appeal the alleged improper transfer of the action to Lake County, thus neither issue is properly before us.
[2] The trial court did however suggest any one of the incidents, standing alone, could possibly qualify as excusable neglect.