[Cite as *U.S. Bank Natl. Assn. v. Crutcher*, 2013-Ohio-2011.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | |
| | : | Appellate Case No. 25338 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CV-347 |
| v. | : | |
| | : | |
| CARL R. CRUTCHER, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of May, 2013.

. . . . . . . . . . .

KIMBERLEE S. ROHR, Atty. Reg. #0084207, Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202
          Attorney for Plaintiff-Appellee

GWENDOLYN M. CRUTCHER, 2891 Liberty Ellerton Road, Dayton, Ohio 45417
          Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant  Gwendolyn  Crutcher  appeals  from  a  judgment  of

foreclosure rendered against her in the Montgomery County Court of Common Pleas. Crutcher fails to set forth any assignments of error in her one-page appellate brief. Plaintiff-appellee U.S. Bank National Association contends that Crutcher failed to file a timely appeal, so that we are without jurisdiction to consider Crutcher's appeal.

{¶ 2} We conclude that Crutcher's notice of appeal was not timely filed. Accordingly, this appeal is dismissed for lack of jurisdiction.

## I. Procedural History

{¶ 3} U.S. Bank filed an action in foreclosure against Gwendolyn Crutcher and her husband, Carl Crutcher.[1] Ms. Crutcher, acting *pro se*, filed an answer. Thereafter, the Bank filed a motion for summary judgment, to which Crutcher did not respond. The trial court rendered summary judgment against Crutcher on July 16, 2012. The judgment included a determination that there was no just reason for delay, as specified in Civ.R. 54(B), thereby making the judgment of foreclosure a final judgment subject to appeal. On that same date, a notice of the judgment entry and foreclosure decree was sent pursuant to Civ.R. 58(B). Thereafter, the judgment of foreclosure was re-filed on July 23, 2012. Crutcher filed her notice of appeal on August 22, 2012.

## II. This Appeal Was Not Timely Filed, and Must Therefore Be Dismissed

---

[1] It appears from Ms. Crutcher's appellate filing that Mr. Crutcher passed away at some point during the proceedings.

{¶ 4} Crutcher's appellate brief does not set forth any "assignments of error presented for review, with reference to the place in the record where each error is reflected[,]" as required by App.R. 16(A)(3). Nor does it comply with any of the other provisions set forth in that rule. From reading her brief, we infer that her argument is that she is not familiar with the legal system and that she was not aware that she could hire any attorney.[2] She further states that she is attempting to secure "ways to come up with the money [owed on the mortgage]."

{¶ 5} As noted by U.S. Bank in its appellate brief, Crutcher's notice of appeal was not timely filed. App. R. 3(A) states that the only jurisdictional requirement for the filing of a valid appeal is the timely filing of notice of appeal. Generally, a notice of appeal must be filed within 30 days of the entry of the judgment or order. App.R. 4(A). The failure to comply with time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.,* 120 Ohio St.3d 499, 2008–Ohio–6810, 900 N.E.2d 607, ¶ 17; *Transamerica Ins. Co. v. Nolan,* 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995); App.R. 3(A).

{¶ 6} The trial court entered judgment in favor of U.S. Bank on July 16, 2012. Crutcher's notice of appeal was not filed until August 22, 2012. Accordingly, the notice of appeal was untimely, and we lack jurisdiction to consider her appeal.

{¶ 7} The re-entry of the judgment on July 23, 2012, was a nullity, since the trial court had already adjudicated the foreclosure claim. *See State, ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978).

---

[2] We note that Crutcher's answer sets forth over 25 defenses, including "failure to mitigate damages," laches, estoppel, duress, waiver and discharge in bankruptcy, which suggests at least a superficial familiarity with the legal system.

## III.   Conclusion

**{¶ 8}**     This appeal is Dismissed, for lack of jurisdiction.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Kimberlee S. Rohr
Gwendolyn M. Crutcher
Hon. Mary L. Wiseman