[Cite as *Wells Fargo Bank, N.A. v. Smith*, 2014-Ohio-1802.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY


WELLS FARGO BANK, N.A.,           :

    Plaintiff-Appellee,           :    Case No.   13CA6

    vs.                              :
                                   DECISION AND JUDGMENT ENTRY
DAVID B. SMITH, et al.,          :

    Defendants-Appellants.      :
_____

APPEARANCES:

APPELLANTS PRO SE:      David B. Smith, 2310 Graham School Road, Gallipolis,
                                 Ohio 45631

COUNSEL FOR APPELLEE:    Scott A. King and Terry W. Posey, Thompson Hine, LLP,
                                 Austin Landing I, 10050 Innovation Drive, Ste. 400
                                 Miamisburg, Ohio 45342

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-21-14
ABELE, P.J.

{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment that denied a Civ.R. 60(B) Motion for Relief from Judgment filed by David B. Smith and Anita E. Smith, defendants below and appellants herein, in a foreclosure action brought against them by Wells Fargo Bank, N.A., plaintiff below and appellee herein.

{¶ 2} Although appellants' brief includes a statement of the assignments of error as App.R. 16(A)(3) requires, and although we ordinarily set them out in the text of our decision, we decline to do so here for the following reasons. First, appellants assigned ten errors that cover almost four full pages in their brief. Second, most of those assignments of errors are long and

difficult to decipher.   Most important, all ten assignments of error involve the foreclosure proceeding.   We remind appellants that the final, appealable order in this case is the May 23, 2013   judgment of foreclosure.   See *U.S. Bank Natl. Assn. v. Crutcher*, 2nd Dist. Montgomery No. No. 25338, 2013-Ohio-2011, at ¶3; *Fifth Third Mtge., Co. v. Rankin*, 4th Dist. Pickaway No. 11CA1, 2012-Ohio-2804. at ¶¶10-11.   Appellant, however, did not appeal that judgment and, consequently, cannot now raise challenges to those proceedings.

{¶ 3}   Instead, what appellants have appealed is the judgment that denied them Civ.R. 60(B) relief from the judgment of foreclosure.   Accordingly, the only assignment of error that we can consider is as follows[1]:

> "THE TRIAL COURT ERRED IN DENYING APPELLANTS'
> CIV.R. 60(B) MOTION FOR RELIEF FROM JUDGMENT."

{¶ 4}   On October 22, 2010, Appellant David B. Smith executed an "Adjustable Rate Note" that promised to pay American Bank $239,471 with interest over thirty years.   To secure that note, he and Appellant Anita Smith executed a mortgage.   Subsequently, the note and mortgage were assigned to the appellee.

{¶ 5}   Appellee commenced the instant action on September 26, 2011 and alleged a default on the note and sought judgment as well as mortgage foreclosure.   Appellants denied the allegations and filed a number of improper pleadings, including   a "Notice of Fraud and Intent to Litigate" that appears to span several hundred pages and discusses the national foreclosure crisis

---

[1] This Court provides considerable leniency to pro se litigants. See e.g. *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005−Ohio−5863, 846 N.E.2d 878, ¶ 5 (4th Dist.); *Besser v. Griffey*, 88 Ohio App.3d 379, 382, 623 N.E.2d 1326 (4th Dist.1993); *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206, 614 N.E.2d 827 (4th Dist.1992).   However, litigants cannot be excused from adhering to the law, as well as the Civil Rules, when conducting their defense.

and some cases that involve inadequate documentation issues.

**{¶ 6}**   On April 11, 2012, appellee filed a summary judgment motion and argued that it is entitled to judgment as a matter of law.   Appellants did not respond and the trial court granted appellee's motion.   In so doing, the court found the note in default, the mortgage to be a first and best lien on the premises and ordered it foreclosed.   As we noted earlier, no appeal was taken from that judgment.

**{¶ 7}**   On December 17, 2012, appellants filed a Civ.R. 60(B) Motion for Relief from Judgment.   Appellants summed up their arguments in support and claimed that "[c]ase law from the Ohio Supreme Court states why this case has no merits and is in violation of federal law." They further argued that appellee "has failed to provide evidence and proof in fact that [appellee] made a loan to support that there is a debt that could be collected."   The trial court denied appellant's request for relief from judgment and this appeal followed.

**{¶ 8}**   As we pointed out supra, the only proper argument before us is that the trial court erred by overruling the Civ.R. 60(B) motion.   Generally, Civ.R. 60(B) motions for relief from judgment are committed to a trial court's sound discretion and its ruling should not be disturbed absent an abuse of that discretion.   *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997); *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).   An abuse of discretion connotes more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342, 695 N.E.2d 1140 (1998); *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 448, 659 N.E.2d 1242 (1996).   In applying the abuse of discretion standard, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa*

*Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).    To prevail on a Civ.R. 60(B) motion, a movant must demonstrate that: (1) they have a meritorious defense or claim to present if relief is granted; (2) they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus; also see *Griffey v. Rajan*, 33 Ohio St.3d 75, 76, 514 N.E.2d 1122, at fn. 1 (1987).

{¶ 9}    With these principles in mind, we conclude that the trial court did not abuse its discretion by overruling appellants' motion for relief from judgment.   First, appellants do not cite nor rely on any of the Civ.R. 60(B) five grounds for relief.   Second, all of the arguments in their motion could have, and should have, been raised in opposition to appellees motion for summary judgment.   More important, these arguments could have been raised in a direct appeal of the judgment of foreclosure.   It is well settled that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal. *Jones v. Jones*, 4th Dist. Meigs No. 09CA11, 2010-Ohio-2235, at ¶15; *In re K.A.G.*, 4th Dist. Pickaway No. 09CA13, 2010-Ohio-1559, at ¶14, fn. 2; *Vasko v. Vasko*, 5th Dist. Guernsey No. 04CA14, 2005-Ohio-3188, at ¶12.   The arguments appellants raised in the trial court when they requested relief from judgment in foreclosure could have been raised on direct appeal of that judgment.   Appellants, however, failed to appeal that judgment and thus are barred from using Civ.R. 60(B) to circumvent that failure.

{¶ 10}  Finally, On May 29, 2012, several months before appellants filed their December

17, 2012 motion for relief from judgment, appellants filed a Motion to Vacate the judgment in foreclosure. In an August 23, 2012 entry that denied that motion, the trial court stated that it considered appellants' May 29, 2012 motion "to be a Civ.R. 60 motion . . ." The Ohio Supreme Court has held that the doctrine of res judicata bars subsequent motions for Civ.R. 60(B) relief when the subsequent motion is based upon arguments that either were raised, or could have been raised, in the first motion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio- 1934, 846 N.E.2d 43, at ¶8. Because these motions are nearly indecipherable, we cannot determine if the December 17, 2012 motion raises the same arguments as the May 29, 2012 motion. Nevertheless, even if they were not, they could have been raised in the earlier motion and, thus, the trial court could deny appellants' latest motion solely on res judicata grounds.

{¶ 11} For all of these reasons, we find no merit in appellants' assignment(s) of error. Accordingly, we hereby overrule the assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *Wells Fargo Bank, N.A. v. Smith*, 2014-Ohio-1802.]

<u>JUDGMENT ENTRY</u>

It is ordered that the trial court's judgment be affirmed and that appellee recover of

appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the
Rules of Appellate Procedure.               McFarland, J. & Hoover, J.: Concur in Judgment &
Opinion                                                      For the Court

BY:_____

Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the
time period for further appeal commences from the date of filing with the clerk.

[Cite as *Wells Fargo Bank, N.A. v. Smith*, 2014-Ohio-1802.]

**Topics & Issues**:

Civil Procedure: Multiple motions for relief from judgment under Civ.R. 60(B) are barred under the doctrine of res judicata where they rely on grounds that were raised, or could have been raised, in prior motions; Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for an appeal.