[Cite as *Bank of Am., N.A. v. Gibson*, 2015-Ohio-209.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP f.k.a. COUNTRYWIDE HOME LOAN SERVICING, LP, | : | **O P I N I O N** |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2014-G-3204** |
| - vs - | : | |
| LYNNE M. GIBSON, et al., | : | |
| | : | |
| Defendant-Appellant. | : | |


Civil Appeal from the Geauga County Court of Common Pleas, Case No. 12 F 000544.

Judgment: Affirmed.


*James W. Sandy*, and *Bryan T. Kostura*, McGlinchey Stafford, PLLC, 25550 Chagrin Boulevard, Suite 406, Cleveland, OH 44122-4640 (For Plaintiff-Appellee).

*Sam Thomas III*, Sam Thomas III and Associates, LLC, 1510 East 191st Street, Euclid, OH 44117 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} This accelerated-calendar appeal is from a final judgment in a foreclosure case before the Geauga County Court of Common Pleas. Appellant, Lynne M. Gibson, asserts that her motion to set aside the trial court's foreclosure order should have been granted because appellee, Bank of America, N.A., failed to establish that it had standing to bring the action. In light of the fact that the Supreme Court of Ohio has recently held

that the "standing" issue cannot be raised in a post-judgment motion when it could have been addressed in a direct appeal, the denial of the motion to set aside must be upheld.

{¶2} In January 2007, appellant entered into a loan agreement for the purchase of certain real property located on Riverview Drive in Chagrin Falls, Ohio. Specifically, she executed a promissory note for the amount of $192,850 in favor of Taylor, Bean & Whitaker Mortgage Corporation. To secure the note, she also executed an open-end mortgage in favor of Mortgage Electronic Registration Systems, Inc., as the nominee of Taylor, Bean & Whitaker.

{¶3} In June 2012, appellee instituted the underlying foreclosure action against appellant, alleging in its complaint that she was in default for failing to make the required payments. Under its two claims, appellee stated that it was the present holder of both the note and the mortgage. Attached to its complaint were purported copies of the note, the mortgage, and two assignments of the mortgage. Appellee also attached copies of documents intended to show that it had merged with the immediate prior holder of the mortgage.

{¶4} In answering the complaint, appellant expressly contended that appellee could not proceed with the action because it lacked standing to seek foreclosure under the open-end mortgage.

{¶5} When the parties were unable to resolve their dispute through mediation, appellant moved for summary judgment on its entire complaint. As part of its motion's statement of facts, appellee again maintained that it was the present holder of both the note and the mortgage which appellant executed for 2007 loan. In support of its factual assertions, appellee again attached purported copies of the note, the mortgage, and the two mortgage assignments. In addition, the motion was accompanied by the affidavit of

2

a bank vice president, who averred that she was familiar with the procedure appellee employs to maintain the business records associated with appellant's loan.

{¶6} In her response to the summary judgment motion, appellant did not refer to the "standing" issue and did not challenge appellee's evidentiary materials. Instead, she only made the general argument that summary judgment cannot be granted when it is necessary for the trial court to weigh the evidence presented. However, appellant did not submit any evidentiary materials needed to create a factual conflict.

{¶7} On May 16, 2013, the trial court issued a final judgment granting summary judgment in favor of appellee on its entire complaint and ordering that the real estate be sold in foreclosure. Even though this judgment was immediately appealable, appellant did not pursue a direct appeal.

{¶8} After some delay, the Sheriff's sale was set to go forward in January 2014. Ten days before the scheduled date, appellant moved the trial court to set aside its May 2013 foreclosure order on the grounds that the judgment was void because appellee did not have standing to maintain the underlying action. She further argued that the lack of standing entitled her to relief under Civ.R. 60(B). Regarding the "standing" issue, she essentially contended that appellee could not be the present holder of the promissory note or the open-end mortgage because: (1) the two documents were not transferred or assigned in accordance with the governing statutory law; and (2) the documents were "securitized" as a result of being sold to a trust.

{¶9} After appellee filed a response, the trial court held an evidentiary hearing on the motion to set aside. Although appellant tried to present expert testimony relating to the "securitization" point, the trial court concluded that her proposed witness did not qualify as an expert. Appellant did not introduce any other evidence supporting her two

3

arguments on the "standing" issue. Accordingly, one week after the evidentiary hearing, the trial court rendered a second judgment denying appellant's motion to set aside.

{¶10} In appealing the foregoing decision, appellant raises one assignment for review:

{¶11} "The trial court erred to the prejudice of the appellant by entering judgment in favor of the appellee and denying the motion to set aside as the appellee failed to proffer competent, credible evidence to properly and sufficiently establish standing and that it was the real party in interest."

{¶12} In contending that her motion to set aside the May 2013 foreclosure order should have been granted, appellant has restated the two arguments which formed the basis of her challenge to appellee's standing at the trial level. Upon reviewing new case law regarding the assertion of a challenge to a plaintiff's standing to bring a foreclosure action, though, this court holds that the substance of appellant's "standing" arguments cannot be addressed in the context of this appeal. Specifically, appellant is barred from raising the issue of standing in a post-judgment motion to vacate the foreclosure order.

{¶13} In *Bank of America, N.A. v. Kuchta*, ___ Ohio St.3d ___, 2014-Ohio-4275, the property owners asserted a challenge to the bank's standing in their answer to the foreclosure complaint; i.e., they argued the bank could not prove that it was the present holder of the mortgage through an assignment. In subsequently moving for summary judgment on its complaint, the bank submitted as part of its evidentiary materials a copy of a document captioned as "'Notice of Filing Assignment of Mortgage.'" *Id.* at ¶3. The property owners never responded to the bank's summary judgment motion. Thus, when the parties could not settle the case through mediation, the trial court granted summary judgment and entered a decree of foreclosure.

4

**{¶14}** Instead of appealing the decree, the property owners in *Kuchta* moved for relief from the decree under Civ.R. 60(B)(3), again challenging the bank's standing to maintain the action. The trial court overruled the property owner's motion. However, on appeal, the Ninth District reversed and remanded the case for further proceedings. The appellate court concluded that, since standing raises a jurisdictional issue, the property owners could be entitled to 60(B) relief if the bank could not demonstrate it had standing to proceed.

**{¶15}** The following question was certified to the Ohio Supreme Court in *Kuchta*: "'When a defendant fails to appeal from a trial court's judgment in a foreclosure action, can a lack of standing be raised as part of a motion for relief from judgment?'" *Id.* at ¶7. In answering this question in the negative, the Supreme Court addressed two separate points as to the use of post-judgment motions to challenge standing. Consistent with the certified question, the *Kuchta* court first considered the application of Civ.R. 60(B). After initially concluding that a lack of jurisdiction does not constitute fraud for purposes of proving a viable reason for relief under Civ.R. 60(B)(3), the Supreme Court stated:

**{¶16}** "Further, because the issue of standing could have been and in fact was raised during the foreclosure proceeding, res judicata prevents the [property owners] from using the issue to establish entitlement to relief. * * * Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata. [*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)]. However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision. *Ackermann v. United States*, 340 U.S. 193, 198 * * * (1950).

**{¶17}** "It is well established that a Civ.R. 60(B) motion cannot be used as a

5

substitute for an appeal and that the doctrine of res judicata applies to such a motion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, * * * ¶8-9.  In this case, the [property owners] filed a Civ.R. 60(B) motion in order to relitigate an issue that they had raised at the start of the litigation and which they failed to appeal.  Thus, the doctrine of res judicata bars their attempted collateral attack against the judgment in foreclosure." *Id.* at ¶15-16.

{¶18}  The second point addressed by the *Kuchta* court was whether a challenge to standing can be asserted in a common-law motion to vacate a judgment for lack of subject matter jurisdiction.  After noting that a court of common pleas has subject matter jurisdiction over all foreclosure actions, the Supreme Court held that a lack of standing pertains to a different aspect of a common pleas court's jurisdiction:

{¶19}  "Standing is certainly a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court – even a court of competent subject-matter jurisdiction – over the party's attempted action.  * * *  But an inquiry into a party's ability to *invoke* a court's jurisdiction speaks to jurisdiction over a particular case, not subject-matter jurisdiction.

{¶20}  "A determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a *personal* stake in the outcome of the action in order to establish standing.  * * *  Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action, * * *, and any judgment on the merits would be subject to reversal on appeal.  But a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief.  * * *  Accordingly, [the bank's] alleged lack of standing to initiate a foreclosure action against the [property owners] would have no

6

effect on the subject-matter jurisdiction of the Medina County Court of Common Pleas over the foreclosure action." (Emphasis sic.) (Citations omitted.) *Id.* at ¶22-23.

**{¶21}** Pursuant to *Kuchta*, absent fraud or other misconduct, 60(B) is not the proper vehicle to challenge standing. Instead, the challenge must be raised during the pendency of the underlying action. *See Kuchta; Fed. Home Loan Mort. Corp., v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶22, quoting *New Boston Coke Corp. v. Tyler,* 32 Ohio St.3d 216, 218 (1987).

**{¶22}** In this case, despite the fact that appellant raised a challenge to appellee's standing in her answer, she did not assert the issue in responding to appellee's motion for summary judgment. Furthermore, appellant did not pursue a direct appeal from the trial court's May 2013 foreclosure order. Thus, since appellant had a full opportunity to litigate an issue which did not directly relate to the trial court's subject matter jurisdiction, she is barred from again challenging appellee's standing in a post-judgment motion.

**{¶23}** For this reason, the trial court did not err in denying appellant's motion to set aside the May 2013 foreclosure order. As appellant's sole assignment of error lacks merit, it is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.