[Cite as *Schooler v. Combs*, 2024-Ohio-2111.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

DAVID L. SCHOOLER dba          :
CROSS COUNTY STORAGE,                    CASE NO. CA2023-08-061
                              :
    Appellee,                          O P I N I O N
                              :          6/3/2024
                              :
    - vs -                     :
                              :
DONALD W. COMBS,              :
                              :
    Appellant.

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018 CVH 00605

Donald W. Combs, pro se.

**BYRNE, J.**

{¶ 1}   Donald W. Combs appeals from the decision and entry of the Clermont County Court of Common Pleas which denied his "Motion for Default Judgment Pursuant to Civil Rule 55(A)."  For the reasons that follow, we affirm the trial court's decision.

## I. Factual and Procedural Background

{¶ 2}    In April 2018, David L. Schooler, doing business as Cross County Storage ("Schooler"), sued Combs in the Clermont County Court of Common Pleas.  Schooler alleged in the complaint that Combs was interfering with Schooler's easement and causing Schooler to lose rents on Schooler's storage units.

{¶ 3}    In early October 2018, Schooler moved for a default judgment based on Combs' failure to timely answer the complaint.  The court held a hearing on Schooler's motion, at which Combs appeared pro se.

{¶ 4}    On October 29, 2018, the trial court granted Schooler a default judgment against Combs.  As part of that default judgment, the trial court awarded Schooler $35,000 in damages related to lost rental profit on the storage units.  Combs did not file a direct appeal of the default judgment.

{¶ 5}    Nearly three years later, in August 2022, Combs filed a pro se motion in the trial court styled "Motion for Dismissal of Judgment and Relief Pursuant to C.R. 60(B)(5) Void Judgment."  In it, Combs argued that the default judgment entered against him should be dismissed because he received improper notice of the hearing on the motion for default judgment and therefore the judgment was void pursuant to Civ.R. 55.  Combs additionally argued that Schooler failed to prove any damages at the default judgment hearing.

{¶ 6}    On August 10, 2022, the trial court denied Combs' Civ.R. 60(B) motion.  The court noted that Combs had in fact received notice of the default judgment hearing and had even appeared and participated at that hearing.  Combs did not appeal the trial court's decision denying his Civ.R. 60(B) motion.

{¶ 7}    In April 2023, Combs filed a pro se "Motion to Modify Damages."  In it, Combs requested that the court modify the money judgment against him to zero dollars.

In support, he again argued that Schooler failed to prove damages at the default judgment hearing.

{¶ 8}   Then, in July 2023, Combs filed a pro se "Motion for Default Judgment Pursuant to Civil Rule 55(A)." In this latest motion, Combs again requested that the court modify the judgment against him to zero dollars and reiterated the arguments set forth in his April 2023 motion.

{¶ 9}   In August 2023, the trial court issued a decision and entry addressing Combs' April and July 2023 motions seeking relief from the default judgment. The court noted that it had previously denied Comb's August 2022 Civ.R. 60(B) motion. The court construed Combs' two more recent filings as additional motions for relief under Civ.R. 60(B). The court found that these additional filings lacked merit under the doctrine of res judicata because that doctrine prevents successive filing of Civ.R. 60(B) motions for relief from a valid, final judgment when based upon facts or grounds that could have been raised in the prior motion. The court found that Combs' April and July 2023 filings contained arguments that could have been raised in the earlier filed Civ.R. 60(B) motion and were therefore precluded by res judicata.

{¶ 10}  Combs appealed, raising one assignment of error.

## II. Law and Analysis

{¶ 11}  Combs assignment of error states:

> THE COURT SAYS COMBS' MOTION FOR DEFAULT JUDGMENT PURSUANT TO CIVIL RULE 55(A), IS RES JUDICATA, DUE TO THE FACT COMBS FILED A 60(B). BUT COMBS DEMONSTRATED THE JUDGMENT WAS VOID AB INITIO, WHICH CAN NEVER BE RES JUDICATA. THIS RULING IS AGAINST COMBS' DUE PROCESS, EQUAL PROTECTIONS AND FAIR TRIAL RIGHTS FOUND IN THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 12}  Combs' essential argument in this appeal is that the money judgment

against him is "void" because the trial court never held a damages hearing. Combs claims that the default judgment hearing he attended in 2018 was for liability only, and the court was required to hold a separate hearing on the issue of damages, which he claims never occurred.

{¶ 13} The trial court based its decision denying Combs' April and July 2023 motions on the doctrine of res judicata. Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. Res judicata prevents the litigation of issues that were raised on appeal or could have been raised on appeal. *In re R.B.*, 12th Dist. Butler Nos. CA2022-01-003 and CA 2022-01-004, 2022-Ohio-1705, ¶ 17. Any issue that could have been raised on direct appeal and was not is res judicata and is not subject to review in subsequent proceedings. *Id.* Furthermore, "'[R]es judicata prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion.'" *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 8, quoting *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.*, 10th Dist. Franklin No. 02AP-281, 2002-Ohio-5908, ¶ 16.

{¶ 14} Combs' April and July 2023 motions challenge the underlying default judgment that he never appealed. In addition, Combs' April and July 2023 motions contain arguments that he raised or could have raised in his first Civ.R. 60(B) motion, filed in August 2022, the denial of which he also did not appeal.

{¶ 15} Res judicata bars Combs' April and July 2023 motions in two ways. First, the issues that Combs raised in the April and July 2023 motions (that is, that damages

- 4 -

were not proven during the default judgment hearing and the judgment is void[1]) could have been raised in a direct appeal and are therefore barred by the doctrine of res judicata. *In re R.B.* at ¶ 17. Second, Combs' April and July 2023 motions are tantamount to successive motions for Civ.R. 60(B) relief following his first Civ.R. 60(B) motion and are additionally barred by res judicata as successive Civ.R. 60(B) motions. *Harris* at ¶ 8. Accordingly, the trial court did not err when it concluded that Combs' April and July 2023 motions were barred based on res judicata.

{¶ 16} In his appellate brief, Combs argues that he was never served with a copy of the trial court's decision on his original Civ.R. 60(B) motion and therefore he could not have timely appealed that decision. Combs claims that the clerk served a copy of the decision to the wrong address. This may be the case, as Combs' filings indicate he was in prison at the time he filed the motion. (Combs' appellate filings indicate he remains in prison.) However, this argument is unavailing because the arguments raised in his Civ.R. 60(B) motion could have been raised in a direct appeal from the original default judgment and are therefore barred by res judicata on that basis.

{¶ 17} We have reviewed the various other arguments that Combs has presented in his pro se appellate brief and have found those arguments also lack merit and have no effect on the application of the doctrine of res judicata in this case. We therefore overrule Combs' sole assignment of error.

{¶ 18} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.

---

1. We note that our review of the record clearly indicates that evidence related to damages was submitted at the default judgment hearing. Specifically, evidence was presented of Schooler's loss of rental income from his storage units. Combs' claim that no damages were found by the court is presumably a reference to the trial court's ruling that Schooler did not prove damages relating to the breach of a maintenance agreement regarding the easement.