[Cite as *Catlin v. Catlin*, 2026-Ohio-1120.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MONICA R. CATLIN, | Case No. CT2025-0071 |
| Petitioner-Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Domestic Relations Division, Case No. DH2025-0303 |
| BRYAN L. CATLIN, | |
| Respondent-Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: March 30, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** NO APPEARANCE, for Petitioner-Appellee; KRISTOPHER K. HILL, for Respondent-Appellant.

*Montgomery, J.*

{¶1} Respondent-Appellant, Bryan L. Catlin ("Appellant") appeals the trial court's decision that denied his motion to vacate the trial court's civil protection order issued against him. We affirm the trial court's decision.

### STATEMENT OF THE FACTS AND THE CASE

{¶2} Petitioner-Appellee, Monica R. Catlin ("Appellee"), filed a Petition for Domestic Violence Civil Protection Order (R.C. 3113.31) against Appellant in the Domestic Relations Division of the Common Pleas Court in Muskingum County, on June 2, 2025.

**{¶3}** An ex parte civil protection order was granted in favor of Appellee by the trial court on the same day. Appellant was personally served with the ex parte order that gave notice that a full hearing on the petition would be held on June 9, 2025, at 10:00 A.M. at the Muskingum County Domestic Relations Court.

**{¶4}** While the petition was pending, Attorney Kristopher K. Hill, Esq. filed a Notice of Appearance as attorney of record for Appellant on June 6, 2025.

**{¶5}** A hearing on Appellee's petition was held on June 9, 2025. Neither Appellant nor Attorney Hill appeared at the hearing. On the same day and prior to the trial court issuing a decision on Appellee's petition, Attorney Hill filed a Motion to Vacate, or in the Alternative, Stay Proceedings.

**{¶6}** Appellant's motion stated that he and his counsel failed to appear at the hearing because of lack of notice of the hearing to counsel and failure to arrange for Appellant's transportation from the jail to the hearing.

**{¶7}** The trial court denied Appellant's motion through its Judgment Entry filed in the trial court on July 7, 2025, and an Order of Protection was issued.

**{¶8}** Appellant filed a timely appeal to the trial court's Judgment Entry and asserts the following assignment of error:

**{¶9}** "I.     THE TRIAL COURT ERRED BY HOLDING THE FULL HEARING ON APPELLEE'S PETITION FOR A DOMESTIC VIOLENCE PROTECTION ORDER WITHOUT THE PRESENCE OF THE APPELLANT AND WHEN IT WAS CLEAR THAT A MISTAKE IN SCHEDULING HAD OCCURRED."

**{¶10}** "II.     THE TRIAL COURT ERRED BY HOLDING THAT WHAT HAD HAPPENED WAS NOT AN EXCUSABLE MISTAKE OR NEGLECT UNDER CIV. R. 60(B)."

**STANDARD OF REVIEW**

**{¶11}** An appellate court will not reverse a trial court's decision concerning a Civ.R. 60(B) motion unless the court abused its discretion. *State v. AAA Sly Bail Bonds (Jefferson)*, 2018-Ohio-2943, ¶ 53 (5th Dist.), citing *Harris v. Anderson*, 109 Ohio St.3d 101, ¶ 7 (2006). An abuse of discretion is more than an error in law or judgment and implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

**ANALYSIS**

**{¶12}** Appellant appeals the trial court's decision that denied his motion to vacate the civil protection order issued against him. Appellant asserts that there was a mistake in the scheduling of his hearing and he is therefore entitled to relief under Civ.R. 60(B).

(1) Civ.R. 60(B) states in part, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:  mistake, inadvertence, surprise or excusable neglect; . . . ."

**{¶13}** In order to prevail on a motion brought pursuant to Civ.R. 60(B), "the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." *Argo Plastic Products Co. v. Cleveland*, 15 Ohio St.3d 389, 391 (1984), *citing GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. *Argo*, at 391.

**{¶14}** Appellant argued in his motion to the trial court that after the ex parte order was served upon him, an individual at the Clerk's office misinformed a member of his counsel's staff that the full hearing on Appellee's petition had not been scheduled and that this created a mistake in scheduling.

**{¶15}** The trial court found, "[w]hile the Court has no reason to disbelieve the assertion that counsel's office was informed by an unidentified individual at the Clerk's office that no hearing date had been set, this assertion has no bearing on the consideration to be given to the request for relief. Respondent was personally served notice of the full hearing date." *Judgment Entry*, p. 2.

**{¶16}** Service on a civil petition for domestic violence is governed by Civ.R. 65.1(C)(2) which states, "Initial service, and service of any ex parte protection order that is entered, shall be made in accordance with the provisions for personal service of process within the state under Civ.R. 4.1(B) . . . ."

**{¶17}** In the case at hand, Appellant was personally served on June 2, 2025, with the ex parte order and notice of hearing by a deputy from Muskingum County. The order clearly stated that the hearing would be held at 10:00 A.M. on June 9, 2025. *Domestic Violence Civil Protection Order* ("DVCPO") *Ex Parte* (R.C. 3113.31), p. 6. The trial court conducted the hearing at 10:15 A.M. on June 9, 2025. *Transcript of Hearing*, p. 1.

**{¶18}** Upon review of the record, this Court finds there was no mistake in the scheduling of the full hearing on Appellee's petition for domestic violence.

**{¶19}** Appellant also argues in his brief that the trial court made a mistake when it conducted the full hearing on Appellee's petition for domestic violence in his absence.

**{¶20}** Appellant was incarcerated at the time of the full hearing on Appellee's petition. The trial court found, "No request was made by the respondent to be transported

to the hearing; further, respondent has no automatic right to be transported from a place of incarceration to personally appear at a full hearing on a DVCPO as it is a civil hearing." *Judgment Entry*, p. 2.

{¶21} This Court finds that the trial court's decision was not arbitrary, unreasonable or unconscionable. The trial court did not abuse its discretion in denying Appellant's Motion to Vacate, or in the alternative, Stay Proceedings.

{¶22} Appellant's first assignment of error is overruled.

{¶23} Appellant argues in his second assignment of error that the trial court erred by holding that what had happened was not an excusable mistake or neglect under Civ. R. 60(B).

{¶24} Appellant has failed to support this argument in his brief.

{¶25} Pursuant to App.R. 12(A)(7), an appellant's brief shall set forth, "An argument containing the contentions of the appellant with respect to each **assignment of error** presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." (Emphasis added.)

{¶26} This Court has held, "An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of 'the lack of briefing' on the assignment of error." *Henry v. Gastaldo*, 2005-Ohio-4109, ¶ 16 (5th Dist.)., citing *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988).

{¶27} Appellant has failed to set forth an argument with respect to his second assignment of error as required by the appellate rules. Therefore, Appellant's second assignment of error is overruled.

## CONCLUSION

{¶28} For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is Affirmed.

{¶29} Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.